IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN I. GRACE and SALLY A. GRACE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NUMBER: CV- 09-808 |
| | ) |
| BAC HOME LOANS SERVICING, LP, a Subsidiary of Bank of America's, N.A. ("BAC Home Loans"), f/k/a Countrywide Home Loans Servicing, LP, THE BANK OF NEW YORK MELLON, f/k/a The Bank of New York as Trustee for the Alternative Loan Trust 2007-7T2 Mortgage pass-through certificates series 2007-7T2, and MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., | ) |
| | ) |
| Defendants. | ) |

**FIRST COMPLAINT**

NOW COME the Plaintiffs and as their Complaint against Defendant BAC HOME LOANS SERVICING, LP, a Subsidiary of Bank of America, N.A. ("BAC"), f/k/a Countrywide Home Loans Servicing, LP, THE BANK OF NEW YORK MELLON, f/k/a THE BANK OF NEW YORK AS TRUSTEE FOR THE ALTERNATIVE LOAN TRUST 2007-7T2 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-7T2 ("Mellon") and Mortgage Electronic Registration System, Inc., ("MERS") and aver as follows:

**JURISDICTION**

1. This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331. This court also has jurisdiction over the state law claims herein pursuant to 28 U.S.C. § 1367.

## SUMMARY OF CLAIMS

2.	These claims arise from a real estate loan transaction resulting in a mortgage upon Plaintiffs' home, which is located in this district. The Plaintiffs assert claims against Defendant BAC home Loans arising under the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. The Plaintiffs allege that Countrywide Home Loans, Inc., ("Countrywide") d/b/a America's Wholesale Lender, the originator of the Plaintiffs' loan, failed to make accurate disclosures as required under TILA. Specifically, Countrywide used Truth-in-Lending Act (TILA) disclosure that understated the APR and the Finance Charge. Furthermore Countrywide failed to advise the Plaintiff of their three day right-to-cancel this transaction as required by 15 U.S.C. § 1635. Because of the failure to provide adequate disclosures, the Plaintiffs have retained their right to cancel the transaction. The Plaintiffs have exercised that right by delivering written notice of their election to cancel in accordance with the requirements of TILA. As to the Plaintiffs, Mellon, who claims to be the assignee of the loan, has wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiffs' loan cancellation. The Plaintiffs seek a court determination that their loan transaction has been rescinded. Plaintiffs also seek statutory and actual damages for wrongful foreclosure, violations of TILA, plus attorney's fees and costs. Plaintiffs also make claims for slander of title and wrongful foreclosure under Alabama law against defendants BAC Home Loans Servicing and MERS.

## THE PARTIES

3.	Plaintiffs are of full age of majority and reside in this district.

4.	BAC Home Loans Servicing LP is a subsidiary of Bank of America, NA which is a foreign corporation with its principal place of business outside the state of Alabama.  BAC

Home Loans, LP at all relevant times was engaged in the servicing of federally related residential mortgage loans.

5. The Defendant, The Bank Of New York Mellon, f/k/a The Bank Of New York As Trustee For The Alternative Loan Trust 2007-7T2 Mortgage Pass-Through Certificates Series 2007-7T2, (hereinafter "Mellon") individually, is liable to the Plaintiff's under the provisions of 15 U.S.C. § 1641 because it claims to be an assignee of the Grace loan.

6. Mortgage Electronic Registration System, Inc. MERS is corporation doing business in this district. MERS claims to be the "nominee," as that term is used by them, for Countrywide Mortgage Corporation.

## FACTUAL ALLEGATIONS

7. On or about February 9, 2007, Mr. and Mrs. Grace obtained a residential real estate mortgage loan from Countrywide. The total amount of the loan was $882,000.00 and it was secured by a security interest in Plaintiffs' home.

8. The loan was subsequently assigned to a mortgage pool, trust or other investment vehicle.

9. Mellon is a "creditor" as that term is defined at 15 U.S.C. §1602(f) and it claims a security interest, as assignee of Countrywide, in the Plaintiffs' property.

10. Plaintiffs John and Sally Grace are married and, at all material times, resided at 1737 W. Beach Blvd., Gulf Shores, Alabama

11. Mellon, prior to the delivery of the notice of Plaintiffs' election to cancel, claimed to have a security interest in real estate, used by Plaintiffs as their principal dwelling.

12. Incident to the extension of credit the originator of the loan, Countrywide, failed to provide accurate TILA disclosures and understated the finance charge while overstating the amount financed.

13. Certain charges, paid by Plaintiffs incident to the extension of credit, were included in the calculation of amount financed when they should have been included in calculation of the finance charge.

14. The misallocation of these charges resulted in understatement of the applicable annual percentage rate ("APR").

15. Additionally the Plaintiffs' were not given the Notice of their three day right to cancel their loan as required by 15 U.S.C. § 1635.

16. Because of the failure of Countrywide to provide the notices and disclosures required by TILA, Plaintiffs have retained their right to cancel the transaction.

17. By letter, dated September 24th 2009, Plaintiffs, through their attorney, notified BAC and Mellon of their election to rescind the loan.

18. The mortgage executed by Plaintiffs states that, although the "Lender" is Countrywide, the mortgagee is Defendant MERS.

19. The note executed by plaintiffs, however, was payable to Countrywide.

20. On information and belief, at all times relevant herein, Plaintiffs' loan had been "securitized" or sold to investors as part of a "mortgage pool" or other investment vehicle.

21. At all times relevant herein, the note and right to collect the monies due thereunder did not belong to MERS or BAC but instead, since the loan was securitized, those rights belonged to investors or a trustee.

22.     MERS operates a private system designed to facilitate mortgage transfers and avoid payment of government recording fees.

23.     Mortgages, such as the one at issue herein, are registered with the MERS system and are assigned a "Mortgage Identification Number" (MIN) which allows the mortgage to be tracked when it is assigned to a trust or pool of other mortgages.

24.     MERS is not and has never been the holder of the note or the "person, or the personal representative of any person who, by assignment or otherwise, [is] entitled to the money thus secured," as required by Alabama Code § 35-10-1.

25.     Since MERS was not the holder of the note or the entity entitled to collect from Plaintiffs, it cannot convey that right or power to Mellon.

26.     After starting the foreclosure process BAC caused to be recorded in the real-estate records of Baldwin County, Alabama a document purporting to be an assignment of Plaintiffs' mortgage from MERS to Mellon.

27.     However, the assignment, filed herewith as Exhibit 1, states in pertinent part:

FOR VALUE RECEVIED,  the undersigned MORTGAGE ELECTRONIC REGISTRATION SYSTEMS , INC, (the Assignor") does hereby transfer, assign, set over and convey unto THE BANK OF NEW YORK MELLON, f/k/a THE BANK OF NEW YORK AS TRUSTEE FOR THE ALTERNATIVE LOAN TRUST 2007-7T2 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-7T2 ( the Assignee") is successors, transfers, and assigns forever, all right, title and interest of said Assignor in and to that certain Mortgage executed by JOHN I. GRACE AND SALLY A GRACE, HUSBAND AND WIFE,  to MORTGAGE ELECRTONIC REGISTRATION SYSTEMS, INC., ACTING SOLELY AS A NOMINEE FOR AMERIC'S WHOLESALE LENDER dated the 9th day of February, 2007 and filed for record in Instrument Number 1033164, in the Probate Office of Baldwin County, Alabama, covering properly described in said Mortgage <u>together with the note and indebtedness secured by the Mortgage</u>, and all interest of the undersigned in and to the property described in said Mortgage. (Emphasis added.)

28.     BAC, Mellon, and MERS are engaged in and have engaged in a pattern and practice of falsifying and recording assignments of mortgages for the enabling joint ventures to foreclose on property of unsuspecting or unknowing consumers, such as Plaintiffs, illegally and without legal standing or power to foreclose.

29.     BAC, Mellon, and MERS are engaged in a joint venture, as defined by Alabama law, and as such are liable jointly and severally for the actions of all members of the joint venture.

30.     At all times relevant herein, Mellon lacked standing or power to foreclose because the alleged assignment from MERS to Mellon is defective, void, or otherwise unenforceable as to the security instrument in question.

31.     Because of the actions of Defendants in this action, Plaintiffs have suffered financial loss, damage to their credit, their reputation and great mental anguish.

32.     Despite having received notice of Plaintiffs' election to cancel the transaction, BAC and Mellon have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

33.     The Plaintiffs' loan is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to the Plaintiff's loan.

34.     Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of

the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. 15 U.S.C. § 1635(a). "Material Disclosures" means the disclosure, as required by this subchapter, of the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed… 15 U.S.C. § 1602(u). If the required disclosures are not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. § 1635(f). If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c).

35. A consumer may exercise his right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

36. When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

37. Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b), 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to the borrower of all money received by the borrower, the borrower may have an obligation to tender the loan proceeds to creditor, to the extent practicable or equitable.

38. As to the Plaintiffs' loan, Countrywide failed to provide accurate disclosures of the annual percentage rate, the amount of the finance charge and the amount to be financed.

39. Pursuant to TILA, 15 U.S.C. §1635, Plaintiffs have retained the right to rescind their mortgage loan.

40. Rescission under TILA is effective against assignees as well as originators of covered loans. See 15 U.S.C. § 1641(c).

41. Mellon is liable for the other violations of Countrywide because the violations are apparent from the face of the documents.

42. The Plaintiffs have exercised their right to cancel the transaction and have notified defendants of their election to cancel as required by 15 U.S.C. § 1635. As to the Plaintiffs, defendants have failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.

## COUNT I
## TILA VIOLATIONS

43. Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

44. Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

45. Mellon has violated TILA in at least the following ways:

   (A) By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

   (B) By failing to accurately make the disclosures required by TILA.

Wherefore, Plaintiffs demand judgment rescinding the transaction, plus actual damages, statutory damages, attorney's fees and costs.

## COUNT II
## WRONGFUL FORECLOSURE AND SLANDER OF TITLE

46. The allegations stated in the above paragraphs are incorporated as if fully asserted herein.

47. Defendants commenced foreclosure on Plaintiffs' home with full knowledge of the TILA violations alleged herein.

48. Defendants' above-described actions in scheduling and attempting to foreclose the Grace's home, with ulterior motives and when there has no legal right to do so, constitute wrongful foreclosure.

49. BAC and Mellon were aided by the actions of Defendant MERS who is part of the joint venture.

50. At all times relevant herein BAC, Mellon, and MERS had actual knowledge that Plaintiffs had a right to rescinded the mortgage at issue.

51. The plaintiffs have suffered and continue to suffer extreme mental anguish, emotional distress and fear of losing their home as a result of Defendants' wrongful actions.

52. The acts of Defendants were willful, intentional, designed to and did inflict emotional distress on the Plaintiffs.

53. The Plaintiffs have also been humiliated and embarrassed and have otherwise been injured and damaged.

WHEREFORE the Plaintiffs demand actual and punitive damages in an amount to be determined by a jury plus costs of this action.

## COUNT III
## NEGLIGENCE

54. The relevant allegations stated in the above paragraphs are incorporated as if fully asserted herein.

55. The damages complained of herein occurred because of the negligence of Defendants or were the result of the negligent supervision and training by Defendants of their agents, servants and employees.

56. The actions complained of constitute gross negligence.

Wherefore Plaintiffs claim actual damages and punitive damages.

## DECLARATORY AND INJUNCTIVE RELIEF

57. The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

58. There exists a justicable dispute as to the rights of the parties herein.

59. The Plaintiffs offer to do equity.

WHEREFORE, the Plaintiffs request that this Court exercise its equitable powers and issue an Order providing the following injunctive and declaratory relief:

A. A declaration that Mellon has no valid claim to possession of the subject property;

C. That BAC be ordered to provide a full accounting of all payments received from the inception of the mortgage to the foreclosure and explanation of how those payments were allocated;

D. Statutory damages as provided in 15 U.S.C. § 1640(a);

E. Actual damages in an amount to be determined at trial;

F.      Rescission of the transaction, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

G.      A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Defendants to release such security interest;

H.      Return of any money or property given by the Plaintiffs to anyone in connection with the transaction;

I.      A declaration that Plaintiffs have no duty to tender the loan proceeds or in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring Defendants to accept tender on reasonable terms and over a reasonable period of time;

J.      An award of reasonable attorney fees and costs; and

K.      Such other relief at law or equity as this Court may deem just and proper.

/s/ Earl P. Underwood, Jr.
EARL P. UNDERWOOD, JR.  (UNDEE6591)
One of the Attorneys for Plaintiff
21 South Section St.
Fairhope, Alabama  36532
Telephone: 251.990.5558
Facsimile:  251.990.0626
E-mail: epunderwood@alalaw.com

**THE PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

/s/ Earl P. Underwood, Jr.
EARL P. UNDERWOOD, JR.

11

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

BAC Home Loans Servicing, LP
7105 Corporate Dr. PTX 209
Plano TX 75024

The Bank of New York Mellon Corporation
The Bank of New York Mellon as Trustee
One Wall Street
New York, NY 10286

MERS, Inc.
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE   19801